IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DAVID FERRARA,<br>*Plaintiff* | §<br>§<br>§ | |
| | § | SA-24-CV-00408-XR |
| -vs- | §<br>§ | |
| DENIS RICHARD MCDONOUGH,<br>SECRETARY OF THE DEPARTMENT<br>OF VETERANS AFFAIRS;<br>*Defendant* | §<br>§<br>§<br>§ | |

### ORDER ON REPORT AND RECOMMENDATION

On this date, the Court considered United Magistrate Judge Richard B. Farrer's Report and Recommendation in this case. ECF No. 12. After careful consideration, the Court **ADOPTS IN PART AND AFFIRMS** the Report and Recommendation.

### ANALYSIS

**I. Background**

Plaintiff John Ferrara claims he suffered discrimination in 2023 arising out of his applications for two vacancies for a Health System Specialist position with the Department of Veterans Affairs ("VA"). ECF No. 9 ¶¶ 20–21, 26.[1] Plaintiff applied to Vacancy I but was not selected. *Id.* ¶ 20. Vacancy I was then reannounced as Vacancy II. *Id.* ¶ 22. Plaintiff alleges he reapplied to Vacancy II, was not interviewed, and that someone less qualified was hired. *Id.*

Plaintiff asserts he was qualified for Vacancy I, *id.* ¶ 56, but he does not list the qualifications for Vacancy I, nor does he provide any specific details about the position itself. Plaintiff also does not reference the qualifications of the person selected for Vacancy II, nor why that person was less qualified than him.

---

[1] The Court **ADOPTS** the Magistrate Judge's factual findings and restates relevant or additional facts for purposes of this Order.

1

According to the EEO records in Plaintiff's case, the VA received two applications for Vacancy I. ECF No. 8-2.[2] A panel, including Darren Cortez, a Systems Redesign Officer at the VA, conducted the initial review. ECF No. 8-7 at 2, 4 (Cortez Position Statement). According to Mr. Cortez, the panel reviewed the two applications, but neither was "well qualified." *Id*. Joshua Henderson, the Human Resources Specialist at the VA, stated that two applicants were "found qualified," but that to proceed with the position, three applicants were needed. ECF No. 8-9 at 4 (Henderson Position Statement). Either way, the panel concluded that non-selection was appropriate for Vacancy I.

The panel sent this recommendation to Jennifer Wood, the Chief of Staff of the Department of Veterans Affairs and the selecting official for Vacancy I. Ms. Wood reviewed the panel's recommendation and completed a certificate of non-selection for Vacancy I. ECF No. 8-10 at 4; ECF No. 8-2 (Ms. Wood's Report of Investigation for Non-Selection of Vacancy I, stating "an insufficient certificate for the Health System Specialist position.").

The VA then reopened Vacancy I as Vacancy II. According to the VA's position statements, a candidate with superior qualifications was interviewed and selected. ECF Nos. 8-7 at 5 ("We did not need to interview anyone else than Selectee because the Selectee was so much more qualified than all others and the others were not qualified"); 8-9 at 5 ("Only the top scoring candidate was interviewed for the position.").

---

[2] Like the Magistrate Judge, the Court takes judicial notice of Plaintiff's EEOC Complaint and accompanying documentation as they are referenced in the operative complaint and central to Plaintiff's claims. *See Kelley v. Garland*, No. 3:21-CV-15-L-BH, 2023 WL 4003299, at *5 (N.D. Tex. May 23, 2023). This includes statements contained in the VA's Position Statements, even if not referenced in the operative complaint. *See Lopez v. AT&T Mobility Services LLC*, --- F. Supp.3d ---, 2025 WL 600120, at *4 (W.D. Tex. Feb. 25, 2025). But "courts consider these documents at the 12(b)(6) stage 'only for the purpose of determining what statements they contain, and not for proving the truth of their contents.'" *Id*. at *3 (quoting *Firefighters Pension & Relief Fund v. Bulmahn*, 53 F. Supp. 3d 882, 892 (E.D. La. 2014)).

Plaintiff, on the other hand, contends he was not selected for Vacancy I because of "gender, age, ethnicity, and disability" discrimination. ECF No. 9 ¶ 26. He claims that the VA's explanation of "not enough applicants" was pretextual. *Id.* To support his theory, Plaintiff claims that Ms. Wood had extensive knowledge of his PTSD diagnosis, as well as his age, gender, and race, based on her involvement in his mental care while he was previously with the VA. *Id.* ¶¶ 10, 28, 33; ECF No. 9-2 at 1 (October 2012 diagnosis notes for Plaintiff, signed by Ms. Wood). And that when Ms. Wood saw his application, she pretextually cancelled Vacancy I, only to reopen it as Vacancy II and select someone with less superior qualifications. ECF No. 14 at 6–7.[3]

On September 26, 2023, Plaintiff filed an EEOC Complaint, which stated:

> I received a Non-Selection email from USAjobs for CAZM-1100358-23-JFK, Health Care System Redesign GS-11 [Vacancy 1]. I was referred to the Selecting Official (RMO Wood). The position was reannounced with two additional duty locations. I felt discriminated against based upon my age, disability, and race. RMO Wood has specific mental health information about me.

ECF No. 8-4. He was issued a right-to-sue letter on April 5, 2024. ECF No. 9 ¶ 23. Plaintiff did not file a second EEOC Complaint related to his non-selection for Vacancy II.

## II. Procedural History

On April 16, 2024, Plaintiff sued Defendant Denis Richard McDonough, in his official capacity as then Secretary of Veterans Affairs ("VA"). ECF No. 1. Defendant's first motion to dismiss was mooted after the Plaintiff filed his First Amended Complaint. ECF Nos. 8, 9. In his operative complaint, he asserts claims under the (1) Age Discrimination in Employment Act ("ADEA"); (2) Rehabilitation Act; (3) Title VII; (4) 42 U.S.C. § 1981; and (5) 42 U.S.C. § 1985(3). ECF No. 9 ¶¶ 54–106. Defendant then filed the instant motion to dismiss. ECF No. 10.

---

[3] Plaintiff's operative complaint meanders through various other allegations, including (i) those stemming from his prior employment with the VA, (ii) Ms. Wood's selection in 2023 to a different position, and (iii) a separate EEOC Complaint related to his non-selection for San Antonio Veterans Affairs Police Announcement. ECF No. 9 ¶¶ 11–19, 26–27. These are not relevant to the employment discrimination claims here.

3

On February 27, 2025, the Magistrate Judge issued a Report and Recommendation (ECF No. 12), recommending that Defendant's motion to dismiss be granted in its entirety. The Magistrate Judge also recommended the Court impose a pre-filing injunction. ECF No. 12 at 9.

### III. Legal Standard

A party may serve and file objections to a report and recommendation within fourteen days. Fed. R. Civ. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

### IV. Analysis

Plaintiff timely filed objections, and Defendant responded. ECF Nos. 14, 15. Because Plaintiff timely objected to portions of the Report and Recommendation, the Court reviews these *de novo*.

#### A. Plaintiff's Rule 41(a)(2) Dismissal

Plaintiff's objections contain a request to withdraw his ADEA, Title VII, and 42 U.S.C. §§ 1981 and 1985(3) claims, and instead pursue only the Rehabilitation Act claim. ECF No. 14 at 1. The Court construes Plaintiff's request as a motion to voluntarily dismiss these claims under

Federal Rule of Civil Procedure Rule 41(a)(2). Although Plaintiff does not indicate whether he seeks to withdraw these claims with or without prejudice, the Court assumes Plaintiff seeks dismissal without prejudice. Indeed, Plaintiff's briefing before the Magistrate Judge references his "intention to update the current case with findings from [a new EEOC complaint]," and so clearly seeks to reassert these claims down the line.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only be court order, on terms that the court considers proper." Unless the order specifies otherwise, the dismissal is without prejudice. *Id.* "As a general rule, motions for voluntary dismissal should be freely granted, absent some plain legal prejudice to the non-moving party." *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003). "Although the mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice, '[w]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal.'" *Id.* (quoting *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceeding or seeks to avoid an imminent adverse ruling in the case . . . ." *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (per curiam) (citing *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). "[A] court may properly refuse to grant a voluntary dismissal without prejudice when the plaintiff is clearly seeking dismissal in order 'to circumvent an expected adverse result.'" *Simridge Technologies, Ltd. v. Wells Fargo Bus. Credit Inc.*, 2004 WL 1055706, at *2 (W.D. Tex. April 13, 2004) (citation omitted)). In *Davis*, the Fifth Circuit concluded it was not an abuse of discretion to deny voluntary dismissal more than a year after the case was removed, and after months of filing pleadings,

5

attending conferences, and submitting memoranda and further, after a magistrate recommended a ruling adverse to their position. 936 F.2d at 199.

Here, Plaintiff seeks to avoid an imminent adverse ruling in the case. The Magistrate Judge recommended that all his claims be dismissed. This dismissal would be with prejudice. *See Robinson v. Escorza*, No. SA-23-CV-734-OLG-HJB, 2024 WL 3249082, at *1 (W.D. Tex. May 14, 2024) (dismissal with prejudice is proper under Rule 12(b)(6) if "plaintiff has been afforded ample opportunities to plead his base case"). The Magistrate Judge's Report and Recommendation came nearly a year into this case, after Plaintiff avoided Defendant's first motion to dismiss by filing an amended complaint before the Court ruled, which required Defendant to file a subsequent motion to dismiss. Plaintiff never sought voluntary dismissal of these claims until *after* the Magistrate Judge's decision.

Accordingly, the Court **REJECTS** Plaintiff's request to voluntarily dismiss his claims under Rule 41(a)(2).

### B. Rule 12(b)(6)

Plaintiff contends that the Magistrate Judge erred in two ways. First, that the Magistrate Judge improperly concluded his claims arising from Vacancy II were not exhausted. Second, he stated a plausible claim arising out of Vacancy I and Vacancy II. The Court address each in turn.

#### 1. Exhaustion

The Magistrate Judge concluded that any claims about Vacancy II were not properly before the Court because Plaintiff "never filed an EEOC claim based on his non-selection for Vacancy II." ECF No. 12 at 6. The Court agrees. Plaintiff admits he never filed an EEOC Complaint about Vacancy II. *See* ECF No. 9 ¶ 23 ("The [EEOC] [C]omplaint was related to the *initial non-selection*

on the first of two announcements of the same vacancy.") (emphasis added). And his right-to-sue letter was based *only* on claims arising from Vacancy I.

Plaintiff now argues that he put "the agency on notice" of his "core allegation" of discrimination with respect to both Vacancy I and Vacancy II. ECF No. 14 at 2. He also argues that even if his claims about Vacancy II "were considered technically unexhausted, [they] remains squarely within the scope of evidence that may be considered in support of [his] properly exhausted claim." *Id.* For this, he relies on a line of cases that hold that courts may consider acts which "can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

But Plaintiff never made these arguments before the Magistrate Judge. Instead, he conclusorily asserted that he "exhausted administrative remedies for the initial claims of discrimination and retaliation, which include[d] the events leading up to and following the first non-selection." ECF No. 11 at 12. "Legal arguments raised for the first time in an objection to a magistrate judge's report are waived." *Safe Home Security, Inc.* v. *Philadelphia Indem. Insurance Co.*, 581 F. Supp. 3d 794, 798 (N.D. Tex. Sep. 15, 2021); *see also Croy v. United Sates*, 697 F. Supp. 3d 653, 663 (W.D. Tex. Oct. 2, 2023) ("Arguments that are raised for the first time after a report and recommendation is filed are generally waived unless they concern subject matter jurisdiction."). Plaintiff waived these arguments and the Court declines to consider them.

Even if it did, they would fail. "When assessing exhaustion, 'the scope of an EEOC complaint should be construed liberally.'" *Lopez*, 2025 WL 600120, at *5 (quoting *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017)). Plaintiff is correct that "courts consider not only the 'administrative charge itself,' but also the scope of the EEOC investigation that can 'reasonably be expected to grow out of the charge of discrimination.'" *Id.* (quoting *Patton*,

7

874 F.3d at 443). But this requires that the claim "must still logically stem from the allegations in the charge such that *both the agency and the defendant* are on notice of the nature of the claims." *Lopez*, 2025 WL 600120, at *5 (emphasis added).

The EEOC records reveal that neither the EEOC nor the VA were on notice about Plaintiff's claims arising from Vacancy II. True, in the EEOC's Notice of Proposed Summary Judgment, the ALJ questioned why the VA's position statements contained "[i]n-depth discussion (including affidavit testimony)" about Vacancy II. ECF No. 8-12 at 1 n.3. But it stated that this discussion was "unrelated information" that was "irrelevant and unnecessary" because Vacancy II was not part of "the accepted claim[]." *Id.* The EEOC did not hint at any legal claims arising from Vacancy II, and its rejection of information about Vacancy II contradicts Plaintiff's theory that it was on "notice" of any claims arising from it.

While "[c]ourts may consider an employer's position statement as evidence that the employer was on notice of a claim . . . in cases where courts have found a position statement indicative of notice, the defendant has done more than simply acknowledge the adverse action— it has explicitly addressed the potential legal claim itself." *Lopez*, 2025 WL 600120, at *9–10; *see Patton*, 874 F.3d at 441 (holding a defendant's position statement proved notice when it directly "responded to the allegation that it failed to accommodate [the plaintiff's] disability"). "By contrast, courts have rejected arguments that a passing reference to an adverse employment action or an employee's condition in a position statement suffices to establish notice of a claim based on that action or condition." *Lopez*, 2025 WL 600120, at *10. While the VA's position statements discussed Plaintiff's non-selection for Vacancy II, they did not address *a potential legal claim* arising from it. Instead, they address it as part of the "chronology," and do not suggest that they understood Plaintiff to be alleging discrimination. *Lopez*, 2025 WL 600120, at *10; *see* ECF Nos.

8-7 ¶ 50 ("Complainant claims he applied for [Vacancy I] on June 12, 2023 (and for [Vacancy II] on July 9, 2023, but he was not interviewed and is not aware of the Selectee for it/them)."); 8-8 ¶ 49 (same); 8-9 ¶ 50 (same); 8-10 ¶ 50 (same); 8-11 ¶ 50 (same).

The VA's position statements also acknowledged Vacancy II under a *different set of facts* than Plaintiff alleges here. The VA's position statements state that Plaintiff was "not aware of the Selectee" for Vacancy II. Plaintiff's Amended Complaint, on the other hand, alleges that Vacancy II was filled by someone with lesser qualifications. This is a key component of discrimination claims. The Fifth Circuit has clarified that the narrow exception for when claims can "reasonably be expected to grow out of the charge of discrimination," *Sanchez*, 431 F.2d at 466, requires "facts supporting both the [new claim] and the original charge [to be] essentially the same." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003). Plaintiff's claims arising from Vacancy II would fail to meet this exception.

### 2. Merits

Plaintiff argues that the Magistrate Judge improperly applied the *McDonnell Douglas* framework at the motion to dismiss stage, that he adequately pleaded a claim arising out of Vacancy I itself, and that he adequately pled a claim based on his allegations that "Vacancy I was canceled only to be promptly reannounced as Vacancy II—with minor modifications—strongly suggesting pretext." ECF No. 14 at 7. The Court takes these in reverse.

**Claims Relating to Vacancy II.** As explained above, Plaintiff waived his arguments on exhaustion for Vacancy II. *See* Part(B)(2). Even if the Court considered them, they would fail. *See supra* note 6. Any theories that tie Vacancy I and Vacancy II together are not properly exhausted. The only claims properly before the Court are those arising from the non-selection of Vacancy I.

**Vacancy I Discrimination.** The Magistrate Judge concluded that Plaintiff failed to state a claim about his non-selection for Vacancy I because "[n]on-selection for a position that remains unfilled cannot support a [discrimination] claim because the cancellation of an opening is a legitimate, non-discriminatory and non-retaliatory reason for not selecting a person for those positions." ECF No. 12 at 6 (citing *Bowers v. Peake*, 366 F. App'x 562, 562 (5th Cir. 2010) (per curiam) (internal quotation omitted)). And that a *prima facie* case for employment discrimination as alleged here requires, in part, a showing that the plaintiff applied for a role that ultimately went to someone else who was outside the protected class. ECF No. 12 at 6 (citing *Longo v. Chao*, 536 F. Supp.2d 729, 737–38 (W.D. Tex. 2008). The Magistrate Judge reasoned that Plaintiff did not make this showing because no person was selected for Vacancy I. ECF No. 12 at 6.

The Court disagrees with this reasoning. While the cancellation of an opening is a legitimate, non-discriminatory and non-retaliatory reason for not selecting an applicant, it is *not* a legitimate reason if "the cancellations or proffered reasons for cancellations are pretexts for [an applicant's] non-selection." *Phillips v. TXU Corp.*, No. 3:05-CV-1588-B, 2006 WL 3900112, *5 (N.D. Tex. Dec. 29, 2006). In *Phillips*, relied on by *Bowers*, the district court granted summary judgment because the plaintiff provided no evidence that the cancellation of the position was pretextual. *Bowers* is also distinguishable, as the district court never addressed whether the non-selection was pretextual. *See Bowers v. Shinseki*, No. H-08-3445, 2009 WL 1660473, at *2 (S.D. Tex. June 15, 2009). Further, in *Black v. Tomlinson*, 425 F. Supp. 2d 101 (D.D.C. Mar. 31, 2006), cited by both *Phillips* and *Bowers*, the district court acknowledged that the cancellation of a position may be grounds for a discrimination claim if the position was "not withdrawn simply for lack of a vacancy." *Id.* (quoting *Carter v. George Washington Univ.*, 387 F.3d 872, 883 (D.C. Cir.

10

2004)).[4] *See also Charlton-Perkins v. Univ. of Cincinnati*, 35 F.4th 1053, 1060 (6th Cir. 2022) ("when an employer discriminatorily cancels a position to avoid hiring an applicant of a disfavored class, the applicant need not establish that someone else filled the position").

That said, when a plaintiff brings a pretextual cancellation claim, there must be facts that plausibly allege the cancellation was pretextual and concealed a discriminatory reason for the failure to hire. *See id.* at 1060. While the Court agrees with the Magistrate Judge that Plaintiff did not plausibly allege that the VA cancelled Vacancy I for a pretextual reason, it does so on alternative grounds.[5]

Plaintiff does not allege any facts that suggest the VA's explanation for Vacancy I's cancellation—whether for unqualified or not enough applicants—was "false or unworthy of credence." *Ramirez v. PHI Health, LLC*, --- F. Supp.3d ---, 2025 WL 83377, at *9 (S.D. Tex. Jan. 13, 2025) (citation omitted). And "[a] subjective belief of discrimination, however genuine, cannot be the basis of judicial relief." *EEOC v. La. Off. of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995). Instead, he argues that Ms. Wood lied on her position statement about her knowledge of his disability, ECF No. 9 ¶ 25, which shows that she cancelled Vacancy I to avoid offering him the position because of his disability. Not only is this wholly speculative, but whether Ms. Wood knew of his disability and lied on her EEOC position statement is untethered to the VA's explanation for cancelling Vacancy I.

The EEOC records reveal that the decision to proceed with non-selection for Vacancy I was made by a panel which did *not* include Ms. Wood. Plaintiff does not allege that anyone on

---

[4] *Bowers*, *Phillips* and *Black* were also all decided at summary judgment, so each court had record evidence to evaluate the employer's reason for the cancellation.

[5] The Court agrees with the Magistrate Judge that Plaintiff's allegations that Ms. Wood was selected for *her* position (Chief of Staff) are not relevant to his theory of pretext for *his* position. ECF No. 12 at 7. But this was not the basis of the Magistrate Judge's decision.

11

this initial panel discriminated against him, nor does he allege that Ms. Wood had a role in the initial screening process. This panel reviewed the applicants, determined non-selection was appropriate, and then sent their recommendation of non-selection to Ms. Wood.[6] Because the panel made the decision to not select Plaintiff, whether Ms. Wood knew of Plaintiff's disability is irrelevant to Vacancy I's cancellation. This would be a different case if the reviewing panel *selected* Plaintiff, recommended proceeding with the process, and Ms. Wood then rejected their selection and cancelled the position.

Plaintiff's objection that the Magistrate Judge improperly applied the *McDonnell Douglas* framework at the pleading stage is unconvincing. True, the *McDonnell Douglas* framework "assess[es] the *ultimate proof* that a plaintiff must furnish," and "a plaintiff need not make out a prima facie case of discrimination [under *McDonnell Douglas*] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *3–4 (5th Cir. Oct. 8, 2024); *see Raj v. La. State Univ*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12) (2002)). This would be error "by improperly substituting an 'evidentiary standard' for a 'pleading requirement.'" *Raj*, 714 F.3d at 331. Instead, what matters is whether a plaintiff has pleaded "sufficient facts on all of the ultimate elements of a [Rehabilitation Act] claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

To state a claim under the Rehabilitation Act, "a plaintiff must prove that (1) [he] is an 'individual with a disability'; (2) who is 'otherwise qualified'; (3) who worked for a 'program or activity receiving Federal financial assistance'; and (4) that [he] was discriminated against 'solely by reason of her or his disability.'" *Hileman v. City of Dall.*, 115 F.3d 352, 353 (5th Cir.

---

[6] The Court does not treat the VA's position statements regarding Plaintiff's non-selection as true. Rather, the Court treats them as evidence for what they contain—that the panel recommended non-selection to Ms. Woods.

1997) (citing 29 U.S.C. § 794(a)). But in the context of a discrimination claim based on *pretextual cancellation*, pretext is a necessary element of the claim. Because Plaintiff failed to plausibly allege that the VA cancelled Vacancy I for a pretextual reason, his claim fails.[7]

    ii.    *Remaining Claims*

Plaintiff does not object to the Magistrate Judge's recommendation to dismiss his ADEA, Title VII, and Sections 1981 and 1985(3) claims. The Court finds that the Magistrate Judge's Report and Recommendation is not clearly erroneous as to these claims for the reasons stated herein and given in the Report and Recommendation.

    iv.    *Pre-Filing Injunction*

The Court need not issue a pre-filing injunction against Plaintiff because it has already done so in another recent case. *See Ferrara v. Travis Cnty. Attorney's Off.*, No. SA-23-CV-1406-XR, 2025 U.S. Dist. LEXIS 58840, at *17 (W.D. Tex. Mar. 28, 2025).

## CONCLUSION

For the reasons, it is **ORDERED** that the Report and Recommendation of United States Magistrate Judge Richard B. Farrer (ECF No. 12) is **ADOPTED IN PART AND AFFIRMED** for the reasons stated herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

A final judgment pursuant to Rule 58 will follow.

It is **SO ORDERED**.

---

[7] Plaintiff's Rehabilitation Act claim also fails for the independent reason that Plaintiff pled that the pretextual cancellation was based on his "gender, age, ethnicity, and disability." ECF No. 9 ¶ 26. Plaintiff alleges multiple grounds for discrimination, but a claim under the Rehabilitation Act claim requires disability be the *sole* reason.

**SIGNED** this 15th day of April, 2025.

                                                                                          XAVIER RODRIGUEZ
                                                                                          UNITED STATES DISTRICT JUDGE